UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH CANTRELL,<br><br>    Plaintiff<br><br>v.<br><br>PYRAMID LAKE PAIUTE TRIBE,<br><br>    Defendant | Case No.: 3:23-cv-00544-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 5 |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

### I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff's IFP application states that he is employed by Door Dash and his gross pay or wages are $1,300 a week, and his take-home pay or wages are $350 per week. However, he states that he does not have any housing, transportation, utilities or loan payments, or other regular monthly expenses, but then declares he has $45,000 in student loans. It is unclear how Plaintiff's take-home pay or wages are only $350 per week. Moreover, he indicates he has no other monthly expenses. The court cannot make a determination based on this record that Plaintiff is unable to pay the filing fee. Therefore, his application to proceed IFP will be denied without prejudice. He will be given another opportunity to submit a completed IFP application, but this time on the court's long form, which must provide greater detail about his income and expenses.

**CONCLUSION**

Plaintiff's IFP application (ECF No. 5) is **DENIED WITHOUT PREJUDICE**.

The Clerk shall **SEND** Plaintiff the instructions and application to proceed IFP (long form) for a non-inmate.

Plaintiff has **30 days** from the date of this Order to file a completed IFP application on the court's long form. If Plaintiff fails to do so, this action may be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: June 26, 2024

_____
Craig S. Denney
United States Magistrate Judge